1    the Board had waived or otherwise determined to deviate from these clear

2    requirements;

3        (c)    The nature of the Board's performance of their duties under the

4    charters of the Board's various committees, including the reason for the then-current

5    directors' decision to allow continued off-label and otherwise improper marketing

6    despite the risks to the Company, its shareholders, or its patients; and

7        (d)    The numerous instances in which the Board was informed of legal

8    compliance violations concerning the unlawful marketing, of Allergan drugs.

9       63.    In light of defendants' highly material omissions from the Proxy

10    Statements, the votes and the consequent election of directors to the Board were

11    obtained on the basis of inaccurate disclosures. Had shareholders been provided with

12    complete and accurate information concerning the Board's performance of its duties –

13    including with respect to presiding over the Company's extensive criminal violations

14    – the members of the Board would not have been elected (or reelected).

15       64.    Defendants' election (or reelection) to the Board via the false and

16    misleading Proxy Statements inflicted significant harm on the Company.  This

17    reliance on the Board's assumption of duty caused the direct detriment of the

18    Company, which, in the absence of the Board's fulfillment of its obligations, was left

19    helpless to prevent the misconduct occurring in its name.  The consequent penalties

20    levied upon the Company and damage to Allergan's goodwill and reputation in the

21    market, in addition to the numerous other liabilities to patients and other third parties,

22    were a direct result of the Board's perpetuation of the Company's misconduct, which

23    was only made possible by the materially inaccurate and incomplete statements that

24    caused defendants' election to the Board.  But for the Board's refusal to carry out its

25    duties, the harm that befell the Company would not have occurred.

26       65.    Further, shareholders would not have voted in favor of the 2008 Incentive

27    Award Plan but for the materially misleading 2008 Proxy Statement.  Had they been

28    provided with complete and accurate disclosures, Allergan shareholders would have

1   chosen not to increase the compensation of employees, officers, and directors who

2   participated in illegal marketing misconduct, and thereby reward them for their illegal

3   activity. Rather, Allergan's shareholders would have instead demanded that

4   appropriate legal action be taken against those employees, officers, and outside

5   directors who participated in this widespread misconduct. Shareholders' approval of

6   the 2008 Incentive Award Plan likewise harmed the Company by drawing off twenty

7   million shares of stock directly from the Company in order to offer lavish

8   compensation to senior executives and others at Allergan – including the outside

9   directors – in return for engaging in extensive criminal misconduct in Allergan's

10  name.

11       66.     Accordingly, Allergan has been damaged by the materially inaccurate

12  statements and omissions in the Proxy Statements that procured the reelection of

13  defendants to the Board, thus perpetuating their misconduct, as well as shareholders'

14  approval for an increase in compensation for employees, officers, and outside

15  directors who had been involved in wide-ranging criminal conduct – a proposal that

16  would have been rejected had the true facts been disclosed to shareholders.

**DAMAGES TO ALLERGAN**

18       67.     As a result of defendants' improprieties, Allergan has expended and will

19  continue to expend significant sums of money.  Such expenditures include, but are not

20  limited to:

21              (a)     costs associated with implementing internal controls and

22  governance practices to prevent misconduct in the future – mechanisms which could

23  have, and should have, been implemented a decade ago at a fraction of the cost;

24              (b)     costs incurred in investigating the complaints of wrongdoing made

25  by the whistleblowers and governmental agencies;

26              (c)     costs incurred in defending Allergan in the *qui tam* and subsequent

27  DOJ litigation concerning defendants' illegal marketing and sales practices, including

28

1   the $600 million to be paid in connection with the misbranding and illegal promotion

2   of Botox;

3          (d)    costs incurred to Allergan's goodwill and reputation as a result of

4   the Company's guilty plea, the monetary amount of which will be significant and

5   difficult to quantify;

6          (e)    costs incurred in defending Allergan in numerous criminal and

7   civil actions, including wrongful death actions, plus potentially hundreds of millions

8   of dollars in settlement or to satisfy an adverse judgment; and

9          (f)    costs incurred from compensation and benefits paid to defendants,

10   who as directors and/or officers have breached their duties to Allergan.

11          68.    These actions have irreparably damaged Allergan's corporate image and

12   goodwill.

## CONSPIRACY, AIDING AND ABETTING, AND CONCERTED ACTION

14          69.    In committing the wrongful acts alleged herein, the defendants have

15   pursued, or joined in the pursuit of, a common course of conduct, and have acted in

16   concert and conspired with one another in furtherance of their common plan or design.

17   In addition to the wrongful conduct herein alleged as giving rise to primary liability,

18   the defendants further aided and abetted and/or assisted each other in breaching their

19   respective duties.

20          70.    During all times relevant hereto, the defendants, collectively and

21   individually, initiated a course of conduct that was designed to and did: (i) conceal the

22   fact that they had caused the Company to engage in violations of federal false claims

23   law, as well as the illegal off-label marketing of its drugs; (ii) enhance the defendants'

24   executive and directorial positions at Allergan and the profits, power, and prestige that

25   the defendants enjoyed as a result of holding these positions; and (iii) deceive the

26   public, including Allergan's own shareholders, via false and misleading proxy

27   statements, regarding the defendants' management of Allergan's operations, the

28

Company's adherence to applicable laws, and its future business prospects.   In furtherance of this plan, conspiracy, and course of conduct, the defendants, collectively and individually, took the actions set forth herein.

71.   Each of the defendants aided and abetted and rendered substantial assistance in the wrongs complained of herein.  In taking such actions to substantially assist the commission of the wrongdoing complained of herein, each defendant acted with knowledge of the primary wrongdoing, substantially assisted the accomplishment of that wrongdoing, and was aware of his or her overall contribution to and furtherance of the wrongdoing.

## DERIVATIVE AND DEMAND FUTILITY ALLEGATIONS

**Derivative Allegations**

72.   Plaintiffs incorporate by reference and reallege each and every allegation set forth herein.

73.   Plaintiffs bring this action derivatively in the right and on behalf of Allergan to redress injuries suffered, and to be suffered, by Allergan as a direct result of breaches of fiduciary duty, abuse of control, gross mismanagement and waste of corporate assets, as well as the aiding and abetting thereof, by defendants.  Allergan is named as a nominal defendant solely in a derivative capacity.  This is not a collusive action to confer jurisdiction on this Court that it would not otherwise have.

74.   Plaintiffs will adequately and fairly represent the interests of Allergan in enforcing and prosecuting its rights.

75.   Plaintiffs were owners of Allergan stock at all times relevant to the wrongful course of conduct alleged herein, and remain shareholders of the Company.

**Pre-Suit Demand Is Futile**

76.   As set forth below, by virtue of: (i) the long-running nature of the wrongdoing; (ii) defendants' respective tenures on the Board and Committees which were designed to monitor and ensure Allergan's compliance with federal laws and

1   regulations; and (iii) defendants' signing of Company filings (including Annual

2   Reports on Form 10-K) that acknowledged extensive and lengthy investigations into

3   business practices across different products, defendants were aware of the illegal

4   Botox off-label sales and marketing scheme.

5   **Current Board**

6        77.   The Allergan Board currently consists of the following twelve

7   individuals: defendants Pyott, Dunsire, Schaeffer, Ray, Boyer, Ingram, Jones, Hudson,

8   Herbert, Lavigne, Gallagher and Ryan.

9        78.   Plaintiffs have not made a demand on the present Board to institute this

10  action because such a demand would have been a futile, wasteful and useless act.

11       79.   Any suit by the current directors of Allergan to remedy the wrongs

12  complained of herein would expose the defendants themselves and their friends and

13  business allies to significant personal liability for their breaches of fiduciary duties

14  and other misconduct.  Each officer and director of Allergan owed Allergan and/or its

15  shareholders the duty to exercise a high degree of loyalty, good faith, independence,

16  care and candor in the management and administration of the affairs of the Company.

17  Defendants have demonstrated their unwillingness and/or inability to act in

18  compliance with their fiduciary obligations and/or to sue themselves and/or their

19  fellow directors for the wrongful conduct described herein.  Each of these defendants

20  is accused of wrongdoing and recommending, approving and signing Company

21  filings, and thus faces a substantial likelihood of liability thereby rendering any

22  demand upon them futile.

23       80.   According to the Organization and Compensation Committee's

24  ("Compensation Committee") Charter, it is responsible for approval of the CEO's

25  compensation.  In 2009, Pyott received over $1.3 million in base salary from Allergan

26  – placing him in the 98th percentile in salary amongst peer executives.   The

27  Compensation Committee is comprised of Gallagher, Hudson, Schaeffer, Ingram and

28  Ray.  As the members of the Compensation Committee singularly control approval of

1   Pyott's compensation, Pyott will not institute this action against defendants Gallagher,

2   Hudson, Schaeffer, Ingram and Ray.   To do so would jeopardize his own

3   compensation.  Thus, demand on Pyott is futile.

4       81.    Additionally, Pyott has been CEO since 1998, pursuant to which he has

5   received and continues to receive substantial monetary compensation and other

6   benefits.  Pyott became Chairman of the Board in 2001 and also served as President

7   from January 1998 until February 2006.  Thus, Pyott is well versed on the applicable

8   laws and regulations distinguishing between lawful sales and marketing practices and

9   illegal off-label promotions.  It was on his watch that Allergan engaged in the long-

10  running illegal scheme detailed herein.  Further, Pyott is dependent on the conflicted

11  directors referenced herein for his substantial remuneration.  Thus, a reasonable doubt

12  is raised that defendant Pyott is disinterested and independent, rendering him

13  incapable of impartially considering a demand to commence and vigorously prosecute

14  this action.

15      82.    Defendants were aware of and participated in and approved the wrongs

16  alleged herein.  Thus, they have knowingly chosen not to exercise the fiduciary duties

17  of loyalty, good faith, independence, and candor owed to the Company, and not to

18  protect Allergan or to rectify the illegal practices complained of herein.   They

19  therefore have approved of and continue to participate in a course of corporate

20  misconduct that includes approving and/or condoning the illegal conduct and practices

21  described herein.  Each defendant had the ability and/or opportunity to prevent these

22  practices.  The Board is responsible for overseeing the Company's compliance with

23  legal requirements and, therefore, all directors are liable for not ensuring that the

24  officers and employees of the Company did not expose the Company to unnecessary

25  risk.  Because defendants are liable for approving and directing the illegal conduct

26  described herein, demand would be futile.

27      83.    Defendants Gallagher, Hudson, Ryan, Lavigne and Ray serve on the

28  Audit and Finance Committee.  Members of the Audit and Finance Committee,

because of their position of control and authority over Allergan, were able to, and did, directly and indirectly, control the wrongful acts complained of herein. The members of the Audit and Finance Committee failed to ensure that the Company had and maintained adequate internal financial controls and failed to ensure the integrity of the Company's financial statements. Because members of the Audit and Finance Committee had an affirmative duty to ensure that the Company maintained adequate internal controls over financial reporting and the integrity of the Company's financial statements and failed to do so, members of the Audit and Finance Committee breached their fiduciary obligations due the Company. Accordingly, the defendants on the Audit and Finance Committee could not impartially respond to a demand and it would have been futile.

84.     The wrongful conduct complained of herein by defendants amounted to breaches of their fiduciary duties of good faith, independence, loyalty and candor to Allergan and its shareholders.

85.     Defendants, in particular the members of the Audit and Finance Committee, refused to put into place adequate internal controls and adequate means of supervision to stop the wrongful conduct alleged herein despite the fact that the Board knew and/or recklessly ignored such wrongful business practices. These acts, and the acts alleged in this action, demonstrate a pattern of gross misconduct, which conduct is not taken honestly and in good faith.

86.     Moreover, despite defendants having had knowledge of the claims and causes of action raised by plaintiffs, the current Board has failed and refused to seek to recover for Allergan for any of the wrongdoing alleged by plaintiffs herein.

87.     A majority of the current Board were also directors during the time the illegal off-label sales and marketing scheme occurred. These Board members approved of the illegal scheme or tacitly approved it by looking the other way during the widespread and far reaching scheme. Therefore, a majority of the members of the current Board are not disinterested with respect to the allegations in this Complaint.

1   The approval of actions by the Company that violate applicable law can never be

2   protected by the business judgment rule. Nor can such malfeasance ever constitute the

3   "good faith" required of corporate fiduciaries.

4        88.    Further, this action does not arise from a single incident, but numerous

5   civil and criminal violations which involved hundreds of millions of dollars and were

6   common knowledge throughout the Company. Serious violations of applicable law

7   occurred systematically and at every level of the Company as a direct result of the

8   Board's decision to embrace a policy of calculated legal violations as the Company's

9   deliberate business strategy. There is no legitimate "business judgment" involved in

10  devising or carrying out such an unlawful policy. Accordingly, demand on the Board

11  is excused.

12       89.    Moreover, these defendants were required to act upon this information to

13  protect the Company from continued legal violations being committed in its name.

14  Rather than doing so, these defendants, in violation of their legal obligations,

15  consciously ignored the information presented to them concerning the Company's

16  extensive legal violations. As a result, defendants Gallagher, Hudson, Ryan, Lavigne

17  and Ray face a substantial likelihood of liability for their conduct and demand is,

18  therefore, excused.

19       90.    The acts complained of herein constitute violations of the fiduciary duties

20  owed by Allergan's officers and directors and these acts are incapable of ratification.

21  Despite having knowledge of the claims and causes of action raised by plaintiffs, the

22  current Board has failed and refused to seek to recover on behalf of Allergan for any

23  of the wrongdoing alleged by plaintiffs herein.

24       91.    Any suit by the current directors of Allergan to remedy these wrongs

25  would likely expose defendants and Allergan to further violations of federal laws that

26  would result in civil actions being filed against one or more of the defendants. Thus,

27  they are hopelessly conflicted from making an independent determination whether to

28  sue themselves.

92.     Allergan has been and will continue to be exposed to significant losses due to the wrongdoing complained of herein, yet defendants have not filed any lawsuits against themselves or others who were responsible for that wrongful conduct to attempt to recover for Allergan any part of the damages Allergan has suffered and will continue to suffer thereby.

93.     Plaintiffs have not made any demand on the other shareholders of Allergan to institute this action since such demand would be a futile and useless act for at least the following reasons:

(a)     Allergan is a publicly held company with over 300 million shares outstanding and thousands of shareholders;

(b)     making demand on such a number of shareholders would be impossible because plaintiffs have no way of finding out the names, addresses, or phone numbers of shareholders; and

(c)     making demand on all shareholders would force plaintiffs to incur excessive expenses, assuming all shareholders could be individually identified.

## COUNT I

### Against All Defendants for Violation
### of Section 14(a) of the Exchange Act

94.     Plaintiffs incorporate by reference and reallege each and every allegation set forth above, as through fully stated herein.

95.     Defendants, by use of the mails or by any means or instrumentality of interstate commerce or of any facility of a national securities exchange or otherwise, solicited by means of a proxy statement, form of proxy, notice of meeting or other communication, written or oral, containing statements which, at the time and in the light of the circumstances under which they were made, were false and misleading with respect to material facts, or omitted to state material facts necessary in order to make the statements therein not false or misleading or necessary to correct statements

1  in earlier communications with respect to the solicitation of the proxy for the same

2  meeting or subject matter which was false or misleading.

3       96.    The Proxy Statements violated §14(a) of the Exchange Act and Rule

4  14a-9 promulgated thereunder because they omitted material facts, including among

5  other things, the following:

6       (a)    the extent to which the Company's financial performance

7  depended on the Company's off-label marketing of Allergan drugs – including

8  Allergan's most important drug, Botox – which exposed the Company and its

9  shareholders to tremendous regulatory, reputational and financial risk;

10       (b)    the circumstances surrounding the Board's waiver or constructive

11  waiver of explicit provisions of the Code of Business Conduct and Ethics, including

12  with respect to defendants' duties to ensure legal compliance, to ensure the reporting

13  of legal violations, and to themselves report suspected non-compliance – even though

14  the Board had waived or otherwise determined to deviate from these clear

15  requirements;

16       (c)    the nature of the Board's performance of their duties under the

17  charters of the Board's various committees, including the reason for the then-current

18  directors' decision to allow continued off-label and otherwise improper marketing

19  despite the risks to the Company, its shareholders or its patients; and

20       (d)    the numerous instances in which the Board was informed, or

21  otherwise made aware, of legal compliance violations concerning the unlawful

22  marketing of Allergan drugs.

23       97.    In the exercise of reasonable care, defendants should have known that the

24  Proxy Statements were materially false and misleading.

25       98.    The misrepresentations and omissions in the Proxy Statements were

26  material to plaintiffs and would be material to reasonable investors who voted on each

27  Proxy Statement.  The Proxy Statements were an essential link in the accomplishment

28  of the continuation of defendants' unlawful conduct, as revelations of the truth would

1   have immediately thwarted a continuation of shareholders' endorsement of the

2   directors' positions and proxy recommendations, the executive officers'

3   compensation, and the Company's compensation policies and practices.

4        99.   The Company was damaged as a result of the material misrepresentations

5   and omissions in the Proxy Statements.

6       100.  By engaging in the conduct alleged above, defendants violated §14(a) of

7   the Exchange Act, and Rule 14a-9 promulgated thereunder.

8       101.  Plaintiffs, as shareholders of Allergan, seek damages and other relief for

9   the Company.

10                       **COUNT II**

11              **Against All Defendants for Violation**

12          **of Section 29(b) of the Exchange Act**

13       102.  Plaintiffs incorporate by reference and reallege each and every allegation

14   set forth above, as through fully stated herein.

15       103.  The employment and compensation contracts identified herein, including

16   the 2008 Incentive Award Plan, and all stock and options contracts entered by the

17   Company, were entered in violation of the Exchange Act and rules prescribed

18   thereunder, including Rule 10b-5. The employment and compensation contracts were

19   authorized by defendants pursuant to the false and misleading Proxy Statements, and

20   other materially false statements, omissions, and/or schemes or practices that acted as

21   a fraud upon Allergan. There is contractual privity between Allergan and the

22   recipients of the employment and compensation contracts. Allergan and its public

23   investors are in the class of persons the Exchange Act was designed to protect.

24       104.  Accordingly, defendants' employment and compensation contracts,

25   including the benefits received via the 2008 Incentive Award Plan, must be rescinded

26   and the remaining option contracts and restricted stock units issued pursuant to the

27   2008 Incentive Award Plan deemed void.

28

## COUNT III

### Against All Defendants
### for Breach of Fiduciary Duty

105.    Plaintiffs incorporate by reference and reallege each and every allegation set forth above, as through fully stated herein.

106.    As alleged in detail herein, the Individual Defendants, by reason of their positions as officers and directors of Allergan, owed Allergan fiduciary obligations of loyalty, good faith, independence, and candor in the management and administration of the affairs of the Company and were and are required to use their utmost ability to manage Allergan in a fair, just, honest, and equitable manner.

107.    The Individual Defendants violated their fiduciary duties of loyalty, good faith, independence and candor by failing in their enumerated duties which caused the violations of federal law that led to the *qui tam* actions, the DOJ's intervention in the *qui tam* actions, the guilty plea, and the resulting $600 million payment in fines and penalties.

108.    But for the abdication of defendants' fiduciary duties, the Company would not have been damaged.   Accordingly, all of the Individual Defendants breached their fiduciary duties.

109.    As a direct and proximate result of the Individual Defendants' foregoing breaches of fiduciary duties, the Company has suffered significant damages, as alleged herein.

110.    Plaintiffs, on behalf of Allergan, have no adequate remedy at law.

## COUNT IV

### Against All Defendants for Abuse of Control

111.    Plaintiffs incorporate by reference and reallege each and every allegation set forth above, as through fully stated herein.

112.  The Individual Defendants' misconduct alleged herein constitutes a breach of their fiduciary duties because they abused their ability to control and influence Allergan, for which they are legally responsible.

113.  As a direct and proximate result of these defendants' abuse of control, Allergan has sustained significant damages.

114.  As a result of the misconduct alleged herein, the Individual Defendants are liable to the Company.

## COUNT V

### Against All Defendants for Gross Mismanagement

115.  Plaintiffs incorporate by reference and reallege each and every allegation set forth above, as through fully stated herein.

116.  By their actions alleged herein, the Individual Defendants, either directly or through aiding and abetting, abandoned and abdicated their responsibilities and fiduciary duties with regard to prudently managing the assets and business of Allergan in a manner consistent with the operations of a publicly held corporation.

117.  As a direct and proximate result of the Individual Defendants' gross mismanagement and breaches of duty alleged herein, Allergan has sustained significant damages.

118.  As a result of the misconduct and breaches of duty alleged herein, the Individual Defendants are liable to the Company.

## COUNT VI

### Against All Defendants for Waste of Corporate Assets

119.  Plaintiffs incorporate by reference and reallege each and every allegation set forth above, as through fully stated herein.

120.  As a result of the improper conduct described herein, and by failing to properly consider the interests of the Company and its public shareholders and by refusing to conduct proper supervision, the Individual Defendants have caused

1   Allergan to waste valuable corporate assets and incur to defend defendants' unlawful

2   actions.

3        121.   As a result of the waste of corporate assets, the Individual Defendants are

4   liable to the Company.

## PRAYER FOR RELIEF

6        WHEREFORE, plaintiffs demand judgment as follows:

7        A.    Against all defendants and in favor of the Company for the amount of

8   damages sustained by the Company as a result of defendants' violation of federal law

9   and breaches of fiduciary duties;

10       B.    Directing Allergan to take all necessary actions to reform and improve its

11  corporate governance and internal procedures to comply with applicable laws and to

12  protect Allergan and its shareholders from a repeat of the damaging events described

13  herein, including, but not limited to, putting forward for shareholder vote resolutions

14  for amendments to the Company's By-Laws or Articles of Incorporation and taking

15  such other action as may be necessary to place before shareholders for a vote the

16  following Corporate Governance Policies:

17            (i)    a proposal to strengthen the Board's supervision of operations and

18  develop and implement procedures for greater shareholder input into the policies and

19  guidelines of the Board;

20            (ii)   a provision to permit the shareholders of Allergan to nominate at

21  least three candidates for election to the Board;

22            (iii)  a proposal to ensure the accuracy of the qualifications of

23  Allergan's directors, executives and other employees; and

24            (iv)   a proposal to appropriately test and then strengthen the internal

25  control functions.

26       C.    Extraordinary equitable and/or injunctive relief as permitted by law,

27  equity and state statutory provisions sued hereunder, including attaching, impounding,

28

1   imposing a constructive trust on or otherwise restricting defendants' assets so as to

2   assure that plaintiffs on behalf of Allergan have an effective remedy;

3        D.    Awarding to Allergan restitution from defendants, and each of them, and

4   ordering disgorgement of all profits, benefits and other compensation obtained by the

5   defendants;

6        E.    Awarding to plaintiffs the costs and disbursements of the action,

7   including reasonable attorneys' fees, accountants' and experts' fees, costs and

8   expenses; and

9        F.    Granting such other and further relief as the Court deems just and proper.

10   **JURY DEMAND**

11       Plaintiffs demand a trial by jury.

12   DATED:  September 24, 2010       ROBBINS GELLER RUDMAN
                                                              &DOWD LLP

13                                DARREN J. ROBBINS
                             TRAVIS E. DOWNS III

14                                BENNY C. GOODMAN III
                             DAVID W. MITCHELL

15                                BRIAN O. O'MARA

16

17                                TRAVIS E. DOWNS III

18                                655 West Broadway, Suite 1900

19                                San Diego, CA  92101
                             Telephone:  619/231-1058

20                                619/231-7423 (fax)

21                                SUGARMAN & SUSSKIND
                             ROBERT SUGARMAN

22                                PEDRO A. HERRERA
                             100 Miracle Mile, Suite 300

23                                Coral Gables, FL  33134
                             Telephone:  305/529-2801

24                                305/447-8115 (fax)

25                                Attorneys for Plaintiffs

26   S:\CptDraft\Derivative\Cpt Allergan_Pompano_WWashington.doc

27

28

**VERIFICATION**

I, ___PAUL D. O'CONNELL___, of the Pompano Beach Police & Firefighters' Retirement System, hereby verify that I am familiar with the allegations in the VERIFIED SHAREHOLDER DERIVATIVE COMPLAINT FOR BREACH OF FIDUCIARY DUTY, ABUSE OF CONTROL, GROSS MISMANAGEMENT AND CORPORATE WASTE, and that the foregoing is true and correct to the best of my knowledge, information and belief.

Pompano Beach Police & Firefighters'
Retirement System

DATED: ___September 24, 2010___

Its:___ CHAIRMAN OF THE BOARD ___

**VERIFICATION**

We, _____John Frodesen_____ and _____David Letinich_____, of the

Western Washington Laborers-Employers Pension Trust, hereby verify that we are familiar with the

allegations in the VERIFIED SHAREHOLDER DERIVATIVE COMPLAINT, and that the

foregoing is true and correct to the best of our knowledge, information and belief.

WESTERN WASHINGTON LABORERS-<br>EMPLOYERS PENSION TRUST

DATED: _____09/23/2010_____

John Frodesen

Its:___Chairman_____

DATED: _____09/23/2010_____

David Letinich

Its:___Secretary_____

Name & Address:

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

POMPANO BEACH POLICE & FIREFIGHTERS'
(See ATTACHMENT A)

PLAINTIFF(S)

v.

DAVID E.I. PYOTT, DEBORAH DUNSIRE,
(See ATTACHMENT B)

DEFENDANT(S).

CASE NUMBER

**SACV10-01449 DOC (JEMx)**

**SUMMONS**

TO:   DEFENDANT(S): _____

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, Travis E. Downs III _____, whose address is Robbins Geller, et al., 655 West Broadway, Suite 1900, San Diego, CA 92101 _____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Dated: _____ SEP 24 2010

Clerk, U.S. District Court

By: _____

AMY DeAVILA SEAL

Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

ATTACHMENT A

Plaintiffs (cont.)

RETIREMENT SYSTEM and WESTERN WASHINGTON LABORERS-EMPLOYERS
PENSION TRUST, Derivatively on Behalf of ALLERGAN, INC.

ATTACHMENT B

Defendants (cont.)

LEONARD D. SCHAEFFER, RUSSELL T. RAY, HERBERT W. BOYER,
ROBERT A. INGRAM, TREVOR M. JONES, DAWN HUDSON, GAVIN S.
HERBERT, LOUIS J. LAVIGNE, JR., MICHAEL R. GALLAGHER and
STEPHEN J. RYAN,

Defendants,

– and –

ALLERGAN, INC., a Delaware corporation,

Nominal Defendant.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself □) POMPANO BEACH POLICE & FIREFIGHTERS' (See ATTACHMENT A) | DEFENDANTS DAVID E.I. PYOTT, DEBORAH DUNSIRE, (See ATTACHMENT B) |
|---|---|
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) Travis E. Downs III Robbins Geller Rudman & Robbins LLP 655 W. Broadway, Ste. 1900, San Diego, CA 92101   619/231-1058 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

□ 1 U.S. Government Plaintiff    □ 3 Federal Question (U.S. Government Not a Party)

□ 2 U.S. Government Defendant    ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | □ 1 | ☒ 1 | Incorporated or Principal Place of Business in this State | □ 4 | □ 4 |
| Citizen of Another State | ☒ 2 | □ 2 | Incorporated and Principal Place of Business in Another State | □ 5 | □ 5 |
| Citizen or Subject of a Foreign Country | □ 3 | □ 3 | Foreign Nation | □ 6 | □ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding    □ 2 Removed from State Court    □ 3 Remanded from Appellate Court    □ 4 Reinstated or Reopened    □ 5 Transferred from another district (specify):    □ 6 Multi-District Litigation    □ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☒ Yes   □ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** □ Yes   ☒ No    □ **MONEY DEMANDED IN COMPLAINT: $**

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Verified Shareholder Derivative Complaint for Violation of the Federal Securities Laws, 28 U.S.C. §§1331 and 1332(a)(2)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| □ 400 State Reapportionment | □ 110 Insurance | □ 310 Airplane | □ 370 Other Fraud | □ 510 Motions to Vacate Sentence Habeas Corpus | □ 710 Fair Labor Standards Act |
| □ 410 Antitrust | □ 120 Marine | □ 315 Airplane Product Liability | □ 371 Truth in Lending | | □ 720 Labor/Mgmt. Relations |
| □ 430 Banks and Banking | □ 130 Miller Act | □ 320 Assault, Libel & Slander | □ 380 Other Personal Property Damage | □ 530 General | □ 730 Labor/Mgmt. Reporting & Disclosure Act |
| □ 450 Commerce/ICC Rates/etc. | □ 140 Negotiable Instrument | □ 330 Fed. Employers' Liability | □ 385 Property Damage Product Liability | □ 535 Death Penalty | |
| □ 460 Deportation | □ 150 Recovery of Overpayment & Enforcement of Judgment | □ 340 Marine | **BANKRUPTCY** | □ 540 Mandamus/ Other | □ 740 Railway Labor Act |
| □ 470 Racketeer Influenced and Corrupt Organizations | | □ 345 Marine Product Liability | □ 422 Appeal 28 USC 158 | □ 550 Civil Rights | □ 790 Other Labor Litigation |
| □ 480 Consumer Credit | □ 151 Medicare Act | □ 350 Motor Vehicle | □ 423 Withdrawal 28 USC 157 | □ 555 Prison Condition | □ 791 Empl. Ret. Inc. Security Act |
| □ 490 Cable/Sat TV | □ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | □ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| □ 810 Selective Service | | □ 360 Other Personal Injury | □ 441 Voting | □ 610 Agriculture | □ 820 Copyrights |
| □ 850 Securities/Commodities/ Exchange | □ 153 Recovery of Overpayment of Veteran's Benefits | □ 362 Personal Injury-Med Malpractice | □ 442 Employment | □ 620 Other Food & Drug | □ 830 Patent |
| □ 875 Customer Challenge 12 USC 3410 | □ 160 Stockholders' Suits | □ 365 Personal Injury-Product Liability | □ 443 Housing/Acco-mmodations | □ 625 Drug Related Seizure of Property 21 USC 881 | □ 840 Trademark |
| ☒ 890 Other Statutory Actions | □ 190 Other Contract | □ 368 Asbestos Personal Injury Product Liability | □ 444 Welfare | | **SOCIAL SECURITY** |
| □ 891 Agricultural Act | □ 195 Contract Product Liability | **IMMIGRATION** | □ 445 American with Disabilities - Employment | □ 630 Liquor Laws | □ 861 HIA (1395ff) |
| □ 892 Economic Stabilization Act | □ 196 Franchise | □ 462 Naturalization Application | | □ 640 R.R. & Truck | □ 862 Black Lung (923) |
| □ 893 Environmental Matters | **REAL PROPERTY** | □ 463 Habeas Corpus-Alien Detainee | □ 446 American with Disabilities - Other | □ 650 Airline Regs | □ 863 DIWC/DIWW (405(g)) |
| □ 894 Energy Allocation Act | □ 210 Land Condemnation | □ 465 Other Immigration Actions | □ 440 Other Civil Rights | □ 660 Occupational Safety /Health | □ 864 SSID Title XVI |
| □ 895 Freedom of Info. Act | □ 220 Foreclosure | | | □ 690 Other | □ 865 RSI (405(g)) |
| □ 900 Appeal of Fee Determination Under Equal Access to Justice | □ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| □ 950 Constitutionality of State Statutes | □ 240 Torts to Land | | | | □ 870 Taxes (U.S. Plaintiff or Defendant) |
| | □ 245 Tort Product Liability | | | | □ 871 IRS-Third Party 26 USC 7609 |
| | □ 290 All Other Real Property | | | | |

**SACV10-01449 DOC (JEMx)**

FOR OFFICE USE ONLY:   Case Number:

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b).  RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☐ No   ☑ Yes
If yes, list case number(s): 10-cv-01352-DOC(MLG) and 10-cv-01417-JVS(MLG)

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☑ A.  Arise from the same or closely related transactions, happenings, or events; or
                                     ☑ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                                     ☑ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                                     ☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Florida and Washington |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County |  |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County |  |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date  September 24, 2010

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

ATTACHMENT A

Plaintiffs (cont.)

RETIREMENT SYSTEM and WESTERN WASHINGTON LABORERS-EMPLOYERS
PENSION TRUST, Derivatively on Behalf of ALLERGAN, INC.

ATTACHMENT B

Defendants (cont.)

LEONARD D. SCHAEFFER, RUSSELL T. RAY, HERBERT W. BOYER,
ROBERT A. INGRAM, TREVOR M. JONES, DAWN HUDSON, GAVIN S.
HERBERT, LOUIS J. LAVIGNE, JR., MICHAEL R. GALLAGHER and
STEPHEN J. RYAN,

Defendants,

– and –

ALLERGAN, INC., a Delaware corporation,

Nominal Defendant.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge David O. Carter and the assigned discovery Magistrate Judge is John E. McDermott.

The case number on all documents filed with the Court should read as follows:

## SACV10-1449 DOC (JEMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=============================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division** | [X] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.